# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN COAD, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>SEQUENOM, INC., HARRY STYLLI, PAUL W. HAWRAN, ALLAN BOMBARD, CHARLES R. CANTOR and ELIZABETH DRAGON,<br><br>            Defendants.<br><br>[Captions Continued on Following Pages] | Case No.   3:09-cv-00921-LAB-WMC<br><br>Related to:<br>   Case No. 3:09-cv-00922-LAB-WMC<br>   Case No. 3:09-cv-00949-LAB-WMC<br>   Case No. 3:09-cv-00951-LAB-WMC<br>   Case No. 3:09-cv-00955-LAB-WMC<br>   Case No. 3:09-cv-00973-LAB-WMC<br>   Case No. 3:09-cv-00976-LAB-WMC<br>   Case No. 3:09-cv-00984-LAB-WMC<br>   Case No. 3:09-cv-00990-LAB-WMC<br>   Case No. 3:09-cv-01000-LAB-WMC<br>   Case No. 3:09-cv-01013-LAB-WMC<br>   Case No. 3:09-cv-01351-LAB-WMC |

**ORDER TO: (1) CONSOLIDATE THE RELATED ACTIONS; (2) APPOINT THE LOS ANGELES CITY EMPLOYEES' RETIREMENT SYSTEM AS LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S CHOICE OF KAPLAN FOX & KILSHEIMER LLP AS LEAD COUNSEL**

| | |
|---|---|
| KENNETH HEILBRUNN, MARK HAMLIN, AND BRUCE JEDZINIAK, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SEQUENOM, INC., HARRY STYLLI, AND PAUL HAWRAN, )<br>)<br>)<br>Defendants. )<br>) | Case No. 3:09-cv-00922-LAB-WMC |
| MICHELE ROSS, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEQUENOM, INC., HARRY STYLLI and PAUL HAWRAN, )<br>)<br>)<br>Defendants. )<br>) | Case No. 3:09-cv-00949-LAB-WMC |
| MICHAEL SCHWARTZ, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEQUENOM, INC., HARRY STYLLI, PAUL HAWRAN, ALLAN T. BOMBARD, CHARLES R. CANTOR, and ELIZABETH DRAGON, )<br>)<br>)<br>)<br>Defendants. )<br>) | Case No. 3:09-cv-00951-LAB-WMC |

| | |
|---|---|
| KELLY MARIE FLYNN, on Behalf of Herself and Those Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SEQUENOM, INC., HARRY STYLLI, and PAUL HAWRAN,<br><br>        Defendants. | Case No. 3:09-cv-00955-LAB-WMC |
| ROBERT FOX, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SEQUENOM, INC, and DR. HARRY STYLLI,<br><br>        Defendants. | Case No. 3:09-cv-00973-LAB-WMC |
| BUSINESS SYSTEMS CONSULTANTS, LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SEQUENOM, INC., HARRY STYLLI, PAUL HAWRAN, ALLAN BOMBARD, CHARLES R. CANTOR and ELIZABETH DRAGON,<br><br>        Defendants. | Case No. 3:09-cv-00976-LAB-WMC |

| | |
|---|---|
| BO FREDRIK WIKLUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SEQUENOM, INC., HARRY STYLLI, PAUL W. HAWRAN, ALLAN BOMBARD, CHARLES R. CANTOR, ELIZABETH DRAGON and STEVEN OWINGS,<br><br>        Defendants. | Case No. 3:09-cv-00984-LAB-WMC |
| HOWARD MARGULIES, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SEQUENOM, INC., HARRY STYLLI and PAUL HAWRAN,<br><br>        Defendants. | Case No. 3:09-cv-00990-LAB-WMC |
| MARILYN PATRY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SEQUENOM, INC., HARRY STYLLI, PAUL W. HAWRAN, ALLAN T. BOMBARD, CHARLES R. CANTOR and ELIZABETH DRAGON,<br><br>        Defendants. | Case No. 3:09-cv-01000-LAB-WMC |

| | |
|---|---|
| AARON MAGEL, TRUSTEE OF THE MAGEL FAMILY TRUST A DATED 1/2/90, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> v.<br><br>SEQUENOM, INC., HARRY F. HIXSON, JR., HARRY STYLLI and PAUL W. HAWRAN,<br><br>   Defendants. | Case No. 3:09-cv-01013-LAB-WMC |
| BRUCE H. LITTMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> v.<br><br>SEQUENOM, INC., HARRY F. HIXSON, JR., HARRY STYLLI and PAUL W. HAWRAN,<br><br>   Defendants. | Case No. 3:09-cv-01351-LAB-WMC |

WHEREAS, the twelve above-captioned related class action complaints (the "Related Actions") have been filed with the Court against defendant Sequenom, Inc. and certain of its officers and/or directors alleging violations of federal securities laws[1];

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Related Actions involve common legal and factual issues and name defendants in common; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4(a)(3)(A)(i)), on May 1, 2009, a notice of the action was issued to potential class members that informed them of their right to move to serve as Lead Plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on June 30, 2009, members of the putative class, including the Los Angeles City Employees' Retirement System ("LACERS"), moved the Court to serve as Lead Plaintiff for the putative class;

WHEREAS, the PSLRA (15 U.S.C. §78u-4(a)(3)(B)(iii)), provides, *inter alia*, that the most-adequate plaintiff to serve as Lead Plaintiff is the person that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the class and satisfies the requirements of Fed. R. Civ. P. 23;

WHEREAS, 15 U.S.C. §78u-4(a)(3)(B) provides, *inter alia,* that as soon as practicable after the decision on consolidation is rendered, the court shall appoint the most adequate plaintiff as Lead Plaintiff for the consolidated actions;

---

[1] On July 15, 2009, plaintiff in the *Patry* action filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a). Docket Entry No. 19.

WHEREAS, LACERS, with losses of approximately $2,350,799.36 as a result of its investments in Sequenom common stock, has the largest financial interest in this action of any of the Lead Plaintiff movants' claimed losses and *prima facie* satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); and

WHEREAS, LACERS has selected Kaplan Fox & Kilsheimer LLP to serve as Lead Counsel.

NOW THEREFORE IT IS HEREBY ORDERED THAT:

### CONSOLIDATION OF RELATED CASES

1.  The Related Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

### MASTER DOCKET AND CAPTION

2.  The docket in Case 3:09-cv-00921-LAB-WMC shall constitute the Master Docket for this action.

3.  Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION | Master File No. 3:09-cv-00921-LAB-WMC |
| This Document Relates To: | |

4.  The file in Civil Action No. 3:09-cv-00921-LAB-WMC shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies only to some, but not all, of the actions, the document

- 2 -

shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All related actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent order of the Court. A party that objects to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

### APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

7. Pursuant to 15 U.S.C. §78u-4(a)(3)(B), LACERS is appointed as Lead Plaintiff for the class as it has the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

8. LACERS' choice of counsel is approved and accordingly, the law firm of Kaplan Fox & Kilsheimer LLP is appointed to serve as Lead Counsel.

//

//

//

//

**RESPONSIBILITIES AND DUTIES OF LEAD COUNSEL**

9.  Lead Counsel, after being appointed by the Court, shall manage, under the supervision of Lead Plaintiff, the prosecution of this litigation. Lead Counsel is hereby vested by the Court with responsibilities and duties on behalf of the Lead Plaintiff and the proposed class that include, without limitation, the following: 1) the preparation of all pleadings; 2) the direction and coordination of the briefing and arguing of the motions in accordance with the schedules set by the orders and rules of this Court; 3) the initiation and direction of discovery; 4) the coordination of all communications with the defendants and the Court on behalf of the proposed class; 5) preparation of the case for trial; 6) trying of the action; and 7) the engagement in any settlement negotiations on behalf of Lead Plaintiff and the proposed class.

**IT IS SO ORDERED.**

DATED: September 1, 2009

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**HONORABLE LARRY ALAN BURNS**
　　　　　　　　　　　　　　　　　　　United States District Judge