Laurence D. King (SBN 206423)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com

Justin B. Farar  (SBN 211556)
Lori S. Brody  (SBN 150545)
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1440
Los Angeles, CA 90067
Telephone:  310-785-0800
Facsimile:  310-785-0897
jfarar@kaplanfox.com
lbrody@kaplanfox.com

Robert N. Kaplan
Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
rkaplan@kaplanfox.com
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com

Lead Counsel for the Lead Plaintiff the Los Angeles City
Employees' Retirement System

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION | Master File No:  3:09-cv-00921-LAB-WMC |
|  | **THE CITY OF LOS ANGELES CITY EMPLOYEES' RETIREMENT SYSTEM'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
|  | Date:  N/A |
|  | Time:  N/A |
|  | Courtroom: 9; Hon. Larry Alan Burns |
| This Document Relates To: ALL ACTIONS |  |

09cv00921

WHEREAS Lead Plaintiff the Los Angeles City Employees' Retirement System ("LACERS") hereby submits this Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement ("Motion");

WHEREAS counsel for LACERS notified Defendants Sequenom, Inc. ("Sequenom"), Harry Stylli, Paul W. Hawran, Allan Bombard, Charles R. Cantor, Elizabeth Dragon and Steven Owings (collectively, "Defendants"), through their counsel, of LACERS' intention to file this Motion, and all Defendants stated they do not oppose the Motion;

THEREFORE, LACERS moves this Court for entry of the [Proposed] Order Preliminarily Approving Settlement ("Preliminary Approval Order"), submitted herewith as Exhibit A. The proposed Preliminary Approval Order will, among other things: (i) grant preliminary approval of the proposed class action settlement on the terms set forth in the Stipulation of Settlement dated as of December 24, 2009 (the "Stipulation" or "Settlement"); (ii) certify the Settlement Class for Settlement purposes only;[1] (iii) approve the form and manner of giving notice of the proposed Settlement to the Settlement Class (the "Notice"); (iv) approve of Rust Consulting, Inc. to administer the claims; and (v) set a date for the Final Settlement Approval Hearing. It is respectfully requested that if the Court does enter the Preliminary Approval Order, that it schedule the date of the Final Settlement Approval Hearing at least seventy-five (75) days after entry of the Preliminary Approval Order.

Respectfully Submitted,

DATED: January 21, 2010                    KAPLAN FOX & KILSHEIMER LLP


                                           By:    /s/ Laurence D. King
                                           Laurence D. King (SBN 206423)
                                           KAPLAN FOX & KILSHEIMER LLP
                                           350 Sansome Street, Suite 400
                                           San Francisco, CA 94104
                                           Telephone:  415-772-4700
                                           Facsimile:  415-772-4707

---

[1] The "Settlement Class" is defined as all persons or entities who, during the Settlement Class period (June 4, 2008 through April 29, 2009), purchased publicly traded shares of Sequenom Common Stock, with the exclusion of certain persons from the Settlement Class as described in the accompanying Memorandum of Points and Authorities filed herewith.

1

lking@kaplanfox.com

Robert N. Kaplan
Frederic S. Fox
Joel. B. Strauss
Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
rkaplan@kaplanfox.com
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com

Justin B. Farar  (SBN 211556)
Lori S. Brody  (SBN 150545)
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1440
Los Angeles, CA 90067
Telephone:  310-785-0800
Facsimile:  310-785-0897
jfarar@kaplanfox.com
lbrody@kaplanfox.com

Attorneys for Lead Plaintiff the Los Angeles City
Employees' Retirement System

2

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SEQUENOM INC. SECURITIES
LITIGATION

**FILED ELECTRONICALLY**

Master File No. 3:09-cv-00921-LAB-
WMC

This Document Relates To:
ALL ACTIONS

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, a consolidated class action is pending before this Court, captioned *In re Sequenom Inc. Securities Litigation,* Master File No. 3:09-cv-00921-LAB-WMC (the "Action"), and

WHEREAS, the Parties have applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of the Action in accordance with the Stipulation of Settlement among the Los Angeles City Employees' Retirement System ("Lead Plaintiff") and Sequenom, Inc. ("Sequenom"), Harry Stylli, Paul Hawran, Allan T. Bombard, Charles R. Cantor, Steven Owings, Harry F. Hixson, Jr. and Elizabeth Dragon (collectively, the "Defendants") dated as of December 24, 2009, (the "Stipulation") which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action as to the Defendants (the "Settlement") and for dismissal of the Action with prejudice as to the Defendants;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement; and

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises, and with good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court preliminarily approves the Stipulation, including the releases contained therein, and the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3.      Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that:

(a)      With respect to all Released Claims (1) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; and (4) the Lead Plaintiff and their counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

(b)      With respect to all Released Claims (1) the questions of law and fact that are common to the Settlement Class predominate over any individual questions; and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

4.      Solely for purposes of the Stipulation and the Settlement, the Settlement Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure in accordance with the following definition as set forth in the Stipulation:

"Settlement Class" or "Settlement Class Members" means all persons or entities who purchased the publicly traded common stock of Sequenom during the Settlement Class Period (from June 4, 2008 through April 29, 2009); excluded from the definition of Settlement Class and Settlement Class Members are Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Sequenom, any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns, and any immediate family member of a Settling Individual Defendant.  Also excluded are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

5.     The Court hereby appoints Kaplan Fox & Kilsheimer LLP as class counsel.

6.     The Court hereby appoints the firm Rust Consulting, Inc. as Settlement Administrator to supervise and administer the Notice and claim procedures.

7.     The Court approves as to form and content, and for distribution to all potential Settlement Class Members, the Notice of Class Action ("Notice"), substantially in the form of Exhibit 1 attached hereto; for publication, the Summary Notice of Proposed Settlement of Securities Class Action ("Summary Notice"), substantially in the form of Exhibit 2 attached hereto; and a Proof of Claim and Release ("Proof of Claim"), substantially in the form of Exhibit 3 attached hereto.

8.     Solely for purposes of the Stipulation and the Settlement, the Lead Plaintiff is hereby certified as the class representative pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

9.     The date and time of the Final Settlement Approval Hearing shall be added to the Notice and the Summary Notice before they are mailed and published, respectively, in accordance with ¶11, below.

10.     The Court finds that the mailing, publication and distribution of the Notice and Summary Notice substantially in the manner and form set forth, constitutes the best notice practicable under the circumstances, including individual notice to all potential Settlement Class Members who can be identified through reasonable effort, and constitutes valid, due and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

11.     The Settlement Administrator is empowered to supervise and administer the notice procedure, as set forth below:

(a)     Within ten (10) business days from the date of this Order ("Notice Date"), the Settlement Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Notice to all potential Settlement Class Members (who can be identified by Lead Counsel with reasonable effort) to each such Settlement Class Member's last known address; and

(b)     Within five (5) business days of the Notice Date, the Settlement Administrator shall cause the Summary Notice to be published once in the national edition of the *Wall Street Journal*.

12.     Banks, brokerage firms, institutions, and other Persons who are nominees that purchased Sequenom Common Stock for the beneficial interest of other Persons during the Settlement Class Period shall, within ten (10) calendar days of receiving the

Notice (a) send the Notice to all such beneficial owners, or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice to such beneficial owners. The Notice will advise such nominees that their reasonable costs in providing the Notice to such beneficial owners will be reimbursed by Lead Counsel from the Gross Settlement Fund.

13.    At or prior to the Final Settlement Approval Hearing (as defined below), Lead Counsel shall file with the Court and serve on counsel for the Defendants proof by declaration or affidavit of the mailing and publication described in ¶11, above.

14.    Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must do so within forty-five calendar (45) days of the Notice Date in accordance with the instructions contained in the Notice.

15.    The date for filing objections to the Settlement is 20 calendar days prior to the Final Settlement Approval Hearing.

16.    Unless otherwise ordered by the Court, all Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth in the Notice shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

17.     For a claim to be considered timely, Potential Settlement Class Members must submit a valid claim form to the Settlement Administrator within ninety calendar (90) days of the Notice Date in accordance with the instruction in the Notice and the Proof of Claim.

18.     A hearing (the "Final Settlement Approval Hearing") shall be held on _____, 2010 at ____, _.m., before the Honorable Larry A. Burns, United States District Judge, at the United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900, to (a) determine whether the proposed Settlement as set forth in the Stipulation is fair, just, reasonable and adequate and should be approved by the Court; (b) determine whether an Order of Final Judgment and Dismissal, substantially in the form attached hereto as Exhibit 4, should be entered herein; and (c) determine whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, and reimbursement of expenses for the Class Representative should be approved, (d) determine whether to approve the plan of allocation and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement.

19.     All papers in support of the Settlement, Plan of Allocation and Lead Counsel's Application for Attorneys' Fees shall be filed at least thirty (30) calendar days prior to the Final Settlement Approval Hearing.

20.     Any Settlement Class Member may appear and show cause (if he, she or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) enter the Order of Final Judgment and Dismissal substantially in the form annexed hereto as Exhibit 4; (c)

approve an application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses; or (d) consider any other matters that may properly be brought before the Court in connection with the Settlement; provided, however that no Person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before twenty-one (21) calendar days prior to the Final Settlement Approval Hearing, that Person has served by hand or by first class mail notice of his, her or its intention to appear, setting forth each objection and the basis therefore, together with copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class, upon (i) Robert N. Kaplan, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022 (on behalf of Lead Plaintiff) and (ii) William E. Grauer, Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, CA 92121 (on behalf of all Defendants) and has filed said objections, papers and briefs with the Court. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

21.    The Court may adjourn the Final Settlement Approval Hearing from time to time and without further notice to the Settlement Class. The Court reserves the right to approve the Settlement at or after the Final Settlement Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class. The Court further reserves the right to enter the Order of Final Judgment and Dismissal, *inter alia*, dismissing the Action with prejudice as to the

Defendants at or after the Final Settlement Approval Hearing and without further notice to the Settlement Class.

22.     Except as otherwise provided in the Stipulation, no Person who is not a Settlement Class Member or counsel for the Lead Plaintiff shall have any rights to any portion of the Gross Settlement Fund.

23.     All reasonable costs and expenses incurred in identifying and providing notice to potential Settlement Class Members and in administering the Gross Settlement Fund shall be paid as set forth in the Stipulation.

24.     The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the Settlement.

25.     If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered null and void and shall be vacated nunc pro tunc, and the provisions of paragraph XI(F) of the Stipulation shall apply.

26.     Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Settlement Class Member shall commence, prosecute, pursue or litigate any Released Claim against any of the Released Parties, whether directly, representatively or in any other capacity, and regardless of whether or not any such Settlement Class Member has appeared in the Action.

IT IS SO ORDERED.

DATED: _____

            THE HONORABLE LARRY A. BURNS
            UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION | Master File No. 3:09-cv-00921-LAB-WMC |
| This Document Relates To: ALL ACTIONS | |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION ("NOTICE")

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

### PLEASE READ THIS NOTICE CAREFULLY!

**THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE INCLUDING YOUR POSSIBLE RECEIPT OF CASH AND STOCK FROM THE SETTLEMENT. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU DO OR DO NOT ACT. IN ORDER TO RECOVER FROM THE SETTLEMENT, YOU MUST FILE A PROOF OF CLAIM AND RELEASE *POSTMARKED ON OR BEFORE [_____], 2010.***

If you purchased the publicly traded common stock of Sequenom, Inc. ("Sequenom Common Stock") between June 4, 2008 through April 29, 2009, inclusive (the "Settlement Class Period"), you are a member of the Settlement Class ("Settlement Class" or "Settlement Class Member") and could get a payment from the Settlement described below.

1.      **Statement of Settlement Class Members' Recovery:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Southern District of California (the "Court") in the class actions consolidated under the caption *In re Sequenom, Inc. Securities Litigation*, No. 3:09-cv-00921-LAB-WMC (the "Class Action" or "Action"). The purpose of this Notice is to inform you of the proposed Settlement of the Class Action consisting of (i) $14,000,000 in cash plus interest, (ii) shares of Sequenom Common Stock ("Settlement Shares") amounting to, with certain exceptions, 9.95% of Sequenom, Inc.'s ("Sequenom" or the "Company") shares after issuance of the Settlement Shares, and (iii) Sequenom's agreement to adopt, or continue its implementation of certain changes, revisions, modifications and additions to the corporate governance policies, protocols and practices, which are described in Annex A attached to this Notice ("Corporate Governance Reforms") (collectively, the "Settlement"). If the Settlement Shares were issued today, Sequenom would be required to issue 6,808,303 shares. As of February \_\_, 2010, the Settlement Shares have a value of approximately $\_\_ million. Therefore, at the present time the Settlement has a value of more than $\_\_ million. This Notice describes the rights you may have in connection with the Settlement, what steps you may take in relation to the Settlement, and provides information about the hearing that will be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement. **In order to receive proceeds from the Settlement, you will need to file a Proof of Claim and Release.**

Ex. A

13

2.    **Reasons for the Settlement:**  The Settlement resolves claims against Defendants (as defined herein) in the Class Action regarding alleged violations of the federal securities laws. The Defendants deny all allegations of wrongdoing.  In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class Members, Lead Plaintiff, the Los Angeles City Employees' Retirement System ("LACERS" or "Lead Plaintiff") believes that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement provides a substantial benefit, namely (i) $14,000,000 in cash plus interest, (ii) issuance of the Settlement Shares, and (iii) the Corporate Governance Reforms, as compared to the risk that a similar, smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future, in which the Defendants would have the opportunity to assert defenses to the claims asserted against them.

3.    **Statement of Average Amount of Damage Per Share:**  Lead Plaintiff and the Defendants do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff had prevailed on each claim alleged.  The issues on which the parties disagree include, but are not limited to: (a) the appropriate economic model for determining the amount by which Sequenom Common Stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (b) the amount by which Sequenom Common Stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (c) the various market forces influencing the trading price of Sequenom Common Stock at various times during the Settlement Class Period; (d) the extent to which external factors, such as general market conditions, influenced the trading price of Sequenom Common Stock at various times during the Settlement Class Period; (e) the extent to which the various matters that Lead Plaintiff alleged were false or misleading influenced (if at all) the trading price of Sequenom Common Stock at various times during the Settlement Class Period; (f) the extent to which the various allegedly material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Sequenom Common Stock at various times during the Settlement Class Period; and (g) whether the statements allegedly made or facts allegedly omitted were actionable under the federal securities laws.

Lead Plaintiff's damages expert estimates that approximately 35,861,265 shares of Sequenom Common Stock traded during the Settlement Class Period and were damaged.  Based upon the Plan of Allocation discussed below, and assuming that the owners of all damaged Sequenom Common Stock elect to participate in the Settlement, the average recovery per share could be approximately $____, before deduction of any fees, expenses, costs and awards described herein.  The actual amount disbursed to Settlement Class Members who submit timely and valid Proofs of Claim and Releases ("Authorized Claimants") will be the Authorized Claimants' *pro rata* share of the Settlement Amount, as defined below.

No payment will be made on any claim where the potential distribution amount is $10 or less, but the Claimant will otherwise be bound by the Final Judgment (as defined below) entered by the Court. Further, if an Authorized Claimant is due fewer than 250 shares of common stock based on the Plan of Allocation, the Claimant will receive the equivalent dollar value of those shares, in additional monetary recovery under the Plan of Allocation, in place of the distribution of shares.

4.    **Statement of Attorneys' Fees and Expenses:**  Counsel for Lead Plaintiff, Kaplan Fox & Kilsheimer LLP ("Kaplan Fox" or "Lead Counsel") has not received any payment for its services in conducting this Action on behalf of Lead Plaintiff and the Settlement Class Members, nor has it been reimbursed for its out-of-pocket expenditures.  If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 8% of the Settlement proceeds (proportionately in cash and stock) and reimbursement of expenses not to exceed $250,000 to be paid from the Settlement proceeds.  If the amount requested by Lead Counsel is approved by the Court, the average cost would be approximately $____ per share.

the terms of the proposed Settlement and to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and to consider the application for attorneys' fees and reimbursement of litigation expenses.

10.     The Settlement Hearing will be held on _____, at _____.m., before the Honorable Larry A. Burns, United States District Judge, at the United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine whether (a) the Settlement for (i) $14,000,000 in cash, plus interest, (ii) the issuance of the Settlement Shares and (iii) the Corporate Governance Reforms should be approved as fair, just, reasonable and adequate to Lead Plaintiff and the Settlement Class; (b) whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation") is fair, just, reasonable and adequate; (c) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (d) whether the Class Action should be dismissed with prejudice against the Defendants.

11.     The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class. The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in the lawsuit, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments will be made after appeals, if any, are resolved and after the processing of all claims. Please be patient.

## HOW DO I KNOW IF I AM PART OF THIS SETTLEMENT?

12.     By order of the Court dated _____, all persons and entities that purchased Sequenom Common Stock during the Settlement Class Period are eligible to participate in the Settlement, with the exception of the Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Sequenom; any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns, and any immediate family member of a Settling Individual Defendant (as defined in the Stipulation of Settlement dated December 24, 2009 (the "Stipulation")). Also excluded from the Settlement is any person or entity that files a request for exclusion in accordance with the requirements set forth in this Notice (See ¶53).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL THE PROOF OF CLAIM AND RELEASE, *POSTMARKED ON OR BEFORE* _____ (See ¶¶46-49).**

## WHAT RECOVERY DOES THE SETTLEMENT PROVIDE?

13.     The total monetary value of the Settlement is currently more than $__,000,000, which is comprised of $14,000,000 in cash, plus interest, and the Settlement Shares (the "Settlement Amount"). Attorneys' fees and expenses, notification costs, and claim administration costs will be deducted from the Settlement Amount. The Settlement Amount minus these fees, costs, expenses, and awards (the "Distribution Amount") shall be distributed to the Settlement Class.

14.     The average expected recovery will depend on a number of factors including when and for what price Settlement Class Members purchased and/or sold their shares of Sequenom Common Stock, and the total number of shares for which timely and valid Proofs of Claim and Releases are submitted by Authorized Claimants.

## WHY IS THERE A SETTLEMENT?

15.     Under the proposed Settlement, the Court will not decide in favor of either the Lead Plaintiff or the Defendants.  By agreeing to a Settlement, both the Lead Plaintiff and the Defendants avoid the costs and risk of a trial, and the Settlement Class Members are compensated.

16.     In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff believes that the proposed Settlement is fair, just, reasonable and adequate, and in the best interests of Settlement Class Members. The Settlement provides a substantial benefit, namely $14,000,000 in cash, plus interest, the issuance of the Settlement Shares and the Corporate Governance Reforms, as compared to the risk that a similar, smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future, in which the Defendants would have the opportunity to assert defenses to the claims asserted against them.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

17.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Settlement Class would recover anything from the Defendants.  Also, if the Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

**Background**

18.     During the Settlement Class Period, Sequenom purported to be a diagnostic testing and genetics analysis company committed to providing products, services, diagnostic testing, applications and genetic analysis products that translate the results of genomic science into solutions for biomedical research, translational research, molecular medicine applications, and agricultural, livestock, and other areas of research. According to the Company, its development and commercialization efforts in various diagnostic areas include non-invasive prenatal diagnostics, oncology, infectious diseases, and other disorders.

19.     In particular, Sequenom purported to be researching, developing and pursuing the commercializing of various non-invasive molecular diagnostic tests for prenatal genetic disorders and diseases, under the trademark SEQureDx.   Further, Sequenom was purportedly developing and commercializing prenatal screening and diagnostic tests for Trisomy 21 ("T-21"), or Down syndrome, using its non-invasive, circulating cell-free fetal (ccff) nucleic acid based assay technology. According to Sequenom, the technology was non-invasive to the womb and used a maternal blood draw for prenatal diagnosis in order to provide more fundamental and reliable information about the fetus early in pregnancy.  In press releases dated June 4, 2008, September 23, 2008, December 1, 2008, January 28, 2009 and February 3, 2009 the Company made representations about certain Research and Development ("R&D") test data and results that indicated that the test was nearly 100% accurate in identifying Down syndrome.

20.     On April 29, 2009, after the close of trading, Sequenom disclosed that the expected launch of its T-21 test would be delayed and that the Company's prior positive statements about the data and tests, including statements that the test was nearly 100% accurate in identifying Down syndrome,

were no longer reliable. Further, the Company stated that employee mishandling of R&D test data and results raised a significant concern regarding the integrity of that data. The Company also announced that four employees had been suspended. The Company's board of directors reportedly formed a special committee of independent directors to oversee an investigation of the employees' activity related to the test data and results for the Down syndrome product. Also, on April 29, 2009, the Company indicated that investors should no longer rely upon the T-21 R&D test data and results and all previous announcements about such data and test.

21.     On April 30, 2009, the first trading day after the disclosure, Sequenom's common stock price declined by approximately 76% from $14.91 per share at the close of trading on April 29, 2009, to close at $3.62 per share on heavier than usual volume.

22.     On June 29, 2009 Sequenom received written notification that the SEC initiated an investigation relating to the Company's above noted disclosure on April 29, 2009.

23.     On September 28, 2009, after the close of trading, the Company disclosed, in part, that it terminated the employment of Defendants Stylli and Dragon and accepted the resignation of Defendant Hawran.

24.     On October 5, 2009, Sequenom disclosed that representatives of Nasdaq and the Office of the U.S. Attorney for the Southern District of California separately contacted the Company, that the Company had met with representatives of the U.S. Attorney and the Federal Bureau of Investigation in connection with their investigations and that members of the Company's special committee and its independent counsel met with the Enforcement Staff of the United States Securities and Exchange Commission in connection with its investigation.

**The Class Action**

25.     The following complaints alleging violations of the federal securities laws were commenced in the United States District Court for the Southern District of California, on or after April 30, 2009:

|   | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| 1. | Heilbrunn, et al. v. Sequenom, Inc., et al. | Case No.3:09-cv-00922-LAB-WMC | April 30, 2009 |
| 2. | Coad v. Sequenom, Inc., et al. | Case No.3:09-cv-00921-LAB-WMC | May 1, 2009 |
| 3. | Ross v. Sequenom, Inc., et al. | Case No. 3:09-cv-00949-LAB-WMC | May 4, 2009 |
| 4. | Schwartz v. Sequenom, Inc., et al. | Case No. 3:09-cv-00951-LAB-WMC | May 4, 2009 |
| 5. | Flynn v. Sequenom, Inc., et al. | Case No. 3:09-cv-00955-LAB-WMC | May 5, 2009 |
| 6. | Fox v. Sequenom, Inc., et al. | Case No. 3:09-cv-00973-LAB-WMC | May 6, 2009 |
| 7. | Business Systems Consultants, Ltd. v. Sequenom, Inc., et al. | Case No. 3:09-cv-00976-LAB-WMC | May 6, 2009 |
| 8. | Wiklund v. Sequenom, Inc., et al. | Case No. 3:09-cv-00984- | May 7, 2009 |

|   |   | LAB-WMC |   |
|---|---|---|---|
| 9. | Margulies v. Sequenom, Inc., et al. | Case No. 3:09-cv-00990-JAH-WMC | May 7, 2009 |
| 10. | Patry v. Sequenom, Inc., et al. | Case No. 3:09-cv-01000-LAB-WMC | May 8, 2009 |
| 11. | Aaron Magel, Trustee of Magel Family Trust A Dated 1/2/90 v. Sequenom, Inc., et al. | Case No. 3:09-cv-01013-LAB-WMC | May 11, 2009 |
| 12. | Littman v. Sequenom, Inc., et al. | Case No. 3:09-cv-01351-JAH-WMC | June 23, 2009 |

26.     On June 30, 2009, LACERS and certain other purchasers of Sequenom common stock pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") separately moved to: 1) consolidate the cases; 2) appoint a Lead Plaintiff; and 3) appoint Lead Counsel.

27.     On September 1, 2009, these actions were consolidated for all purposes under the caption *In re Sequenom, Inc. Securities Litigation*, 3:09-CV-00921-LAB-WMC, and the Court appointed LACERS as Lead Plaintiff and Kaplan Fox as Lead Counsel.

## Events that Led to the Settlement

28.     In December 2009, the Parties engaged in a mediation with an experienced mediator concerning the possibility of settlement.  During the mediation, the strengths/weaknesses of the claims were discussed and debated.

29.     Negotiations between the Parties concerning the terms of the Settlement continued until December 24 2009, at which time the Stipulation was executed.  A copy of the Stipulation has been filed with the Court.

30.     Throughout the settlement negotiations, various consultants and experts, including individuals with expertise in corporate governance, investment banking and the estimation of damages, advised the Lead Plaintiff and Lead Counsel.

## WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

31.     Lead Plaintiff believes that its claims have merit and that the evidence developed to date supports those claims.  However, Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings, trial and appeals.  Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Class Action, as Lead Plaintiff is also mindful of the inherent problems of proof under and possible defenses to the federal securities law violations, including the defenses asserted by Defendants during settlement negotiations.

32.     The Settlement was reached as part of arms-length negotiations before an experienced mediator concerning the parties' divergent views about the merits and value of the claims.

33.     In light of the foregoing, Lead Plaintiff believes that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on its evaluation, Lead Plaintiff

has determined that the Settlement set forth in the Stipulation is in the best interests of the Settlement Class.

## WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT?

34.     The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff on behalf of the Settlement Class.  The Defendants also have denied and continue to deny, among other things, the allegations that the price of Sequenom Common Stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that any harm was caused by the conduct alleged.  The Defendants believe that they fully disclosed their true opinions about Sequenom and made no misrepresentations of material facts.

35.     Nonetheless, the Defendants have concluded that further conduct of the Class Action would be protracted and expensive, and that it is desirable that the Class Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the operation of Sequenom's business without further distraction and diversion caused by continuation of the Class Action.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this litigation.

36.     The Defendants have, therefore, determined that it is desirable and beneficial to them that the Class Action be settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants entered into the Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind.

## HOW MUCH WILL MY PAYMENT BE?  WHAT IS THE PLAN OF ALLOCATION?

37.     Your *pro rata* share (if any) of the recovery will depend on the number of valid Proofs of Claim and Releases that Settlement Class Members send in, how many shares of Sequenom Common Stock you bought, and when you bought and sold your shares.

38.     The Defendants have agreed to pay $14,000,000 in cash, plus interest, and issue the Settlement Shares.  Attorneys' fees and expenses, notification costs, any compensatory award to the Lead Plaintiff, and claims administration costs will be deducted from the Settlement Amount.  The Settlement Amount minus these fees, costs, expenses and awards shall be distributed to the Settlement Class on a *pro rata* basis.

39.     To receive a portion of the Distribution Amount, Settlement Class Members must complete a Proof of Claim and Release and mail it and all required documentation to the Settlement Administrator **postmarked on or before** _____.   Settlement Class Members who do not submit acceptable Proofs of Claim and Releases will not share in the Settlement proceeds.  Settlement Class Members who do not submit either a request for exclusion or an acceptable Proof of Claim and Release will nevertheless be bound by the Settlement and the Final Judgment and Order of Dismissal of the Court ("Final Judgment"), dismissing the claims against the Defendants.

40.     A claim will be calculated as follows:

A.     For shares of Sequenom common stock purchased between June 4, 2008 and April 29, 2009 and sold on or before the close of trading on April 29, 2009, the Recognized Loss shall be zero.

B.   For shares of Sequenom common stock purchased between June 4, 2008 and April 29, 2009 and sold between April 30, 2009 and July 28, 2009, the Recognized Loss shall be the lesser of:

(1)   $10.69 per share; or

(2)   the difference between the purchase price per share and the sales price per share; or

(3)   the difference between the purchase price per share and the average closing price of Sequenom common stock between April 30, 2009 and the date of sale.

C.   For shares of Sequenom common stock purchased between June 4, 2008 and April 29, 2009 and held at the end of trading on July 28, 2009, the Recognized Loss shall be the lesser of:

(1)   $10.69 per share; or

(2)   the difference between the purchase price per share and $3.88.

In processing claims, the first-in, first-out ("FIFO") basis will be applied to purchases and sales.

41.   The common stock is to be issued in the Settlement pursuant to an exemption from registration under the Securities Act of 1933 ("Securities Act"), as amended, provided in Section 3(a)(10) of the Securities Act. If at the time of distribution, the "Blue Sky" laws of a particular state do not exempt the stock from registration for residents of that state, then residents of that state who have submitted valid claims shall receive an equivalent amount of cash instead of stock.

42.   Lead Plaintiff may alter the Plan of Allocation plan set forth in paragraph 40 (subject to Court approval) without any further notice to Settlement Class Members, unless such Settlement Class Members expressly request notice of alteration of the Plan of Allocation. Therefore, in order to receive such notice, you must send a written request no later than _____ by contacting the Settlement Administrator as set forth below in ¶69.

43.   The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any members of the Settlement Class on equitable grounds.

44.   No person shall have any claim against Lead Counsel, the Settlement Administrator or other agent designated by Lead Counsel, or any Defendant or any Defendants' counsel based on any distribution made substantially in accordance with the Stipulation and the Plan of Allocation, or further orders of the Court.

45.   The Court also may modify the Plan of Allocation without further notice to the Settlement Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

46.   If you fall within the Settlement Class as defined above, you will remain a Settlement Class Member unless you elect to be excluded therefrom.  If you do not request to be excluded from the Settlement Class, you will be bound by any judgment entered in the Class Action whether or not you file a Proof of Claim and Release, including the dismissal with prejudice of any Released Claims (as defined in Section VII of the Proof of Claim and Release) you may possess against the Defendants under Federal law, or the law of any state.

Ex. A
20

47.     If you wish to remain a Settlement Class Member, you need do nothing (other than timely request and file a Proof of Claim and Release if you wish to participate in the distribution of the Settlement Amount). Your interests will be represented by Lead Counsel. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

48.     **To participate in the distribution of the Settlement Amount, you must timely complete and return the Proof of Claim and Release form.**

49.     The Proof of Claim and Release must be **postmarked on or before** _____, and mailed to the Settlement Administrator at the address set forth in ¶69. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any distribution from the Settlement Amount, but will in all other respects be bound by the provisions of the Stipulation and the Final Judgment.

## <u>WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?</u>

50.     If the Settlement is approved, the Court will enter the Final Judgment and Order of Dismissal. The Final Judgment will dismiss the claims against the Defendants with prejudice and provide that Lead Plaintiff and all other Settlement Class Members, except those who validly and timely request to be excluded from the Settlement Class, shall upon the entry of the Final Judgment be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from all Released Claims (including Unknown Claims as defined in Section VII of the Proof of Claim and Release). Released Claims are defined as any and all actions, suits, claims, debts, demands, rights, causes of action, proofs of claim or liabilities of every nature and description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, pursuant to federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, including both known claims and Unknown Claims, whether or not concealed or hidden (including but not limited to claims for securities fraud, negligence, gross negligence, professional negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding or abetting a breach of fiduciary duty, breach of contract, unjust enrichment, or violations of any statutes, rules, duties or regulations), that have been or could have been or could in the future be asserted in any forum, whether foreign or domestic, by Lead Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, and partners, and any Persons they represent or any of them, whether brought directly or indirectly against any of the Released Parties, which arise out of, are based on, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action based upon the facts alleged in the Action or any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase or sale of any Sequenom Common Stock by any Settlement Class member during the Settlement Class Period.

51.     The Released Claims contemplated by this Settlement shall extend to Unknown Claims and each of the Lead Plaintiff and Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

Ex. A
21

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

52.     If the Settlement is approved, Settlement Class Members who have not requested exclusion from the Settlement Class will release all Released Claims, even if they bring, or have brought a lawsuit, arbitration or other proceeding against the Released Parties relating to the Released Claims. If you have such proceedings, you should consult legal counsel as to whether you should exclude yourself from this Settlement pursuant to the procedures set forth in ¶53 below in order to preserve your rights.

## IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, HOW DO I EXCLUDE MYSELF?

53.     **You may request to be excluded from the Settlement Class.** To do so, you must mail a written request to the Settlement Administrator at: Sequenom, Inc. Securities Litigation Exclusions, c/o Rust Consulting, Inc. P.O. Box 9444, Minneapolis, MN 55440-9444. The request for exclusion must: (a) state your name, address, and telephone number; (b) provide documentation reflecting all purchases and sales of Sequenom Common Stock made during the Settlement Class Period, including the dates, the number of shares, and price paid or received per share for each such purchase or sale; and (c) state that you wish to be excluded from the Settlement Class. **TO BE VALID, A REQUEST FOR EXCLUSION MUST STATE ALL OF THE FOREGOING INFORMATION.** *YOUR EXCLUSION REQUEST MUST BE RECEIVED ON OR BEFORE _____.*

54.     If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of funds from the Settlement, and shall not be bound by the Stipulation or the Final Judgment.

55.     **If you do exclude yourself from the Settlement Class, your ability to subsequently initiate a litigation, arbitration or other proceeding against the Defendants concerning the Released Claims may be impacted by the relevant statute of limitations. You should consult your own legal counsel concerning this issue.**

## WHAT PAYMENTS ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS AND THE LEAD PLAINTIFF SEEKING FOR THEIR WORK IN THIS CASE?

56.     Lead Counsel has not received any payment for its services in pursuing this lawsuit on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Lead Counsel intends to apply to the Court for an award of attorneys' fees on its behalf not to exceed 8% of the Settlement Amount proportionately in cash and Sequenom's Settlement Shares. In addition, Lead Counsel intends to apply for reimbursement of litigation expenses advanced in connection with the Action in an amount not to exceed $250,000. All such fees and expenses will be paid out of the Settlement Amount.

## ARE THERE OTHER CONDITIONS THAT MAY AFFECT THE SETTLEMENT OR AN AWARD THEREFROM?

57.     The Settlement is conditioned upon the occurrence of certain events. Those events include, among other things: (a) entry of the Final Judgment by the Court, as provided for in the Stipulation; and (b) expiration of the time to appeal from the Final Judgment, or if an appeal is taken, a

final resolution of the appeal in favor of the Final Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, that Stipulation might be terminated and, if terminated, will become null and void, and the parties to that Stipulation will be restored to their respective positions as of the execution of the Stipulation.

58.   Sequenom has the right to terminate the Settlement under certain circumstances, including if the total Recognized Loss associated with shares that request exclusion from the Settlement exceeds a certain amount.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND RELATED MATTERS?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT OR OTHER MATTERS REFERENCED IN THIS NOTICE?

59.   If you do not wish to object to the proposed Settlement, the Plan of Allocation, or the application for attorneys' fees and reimbursement of litigation expenses, you need not attend the Settlement Hearing scheduled for _____.

60.   Any Settlement Class Member who has not validly and timely requested to be excluded from the Settlement Class, and who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees, costs and expenses may appear and be heard at the Settlement Hearing. Any such Settlement Class Member must submit a written notice of objection, which must be received on or before _____, to each of the following: (i) Clerk of the Court, United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900; (ii) Kaplan Fox & Kilsheimer LLP, Robert N. Kaplan, Esq., Jeffrey P. Campisi, Esq. 850 Third Avenue, New York, New York 10022 (Lead Counsel for Lead Plaintiff and the proposed Class); and (iii) William E. Grauer, Cooley Godward Kronish LLP, 4401 Eastgate Mall, San Diego, CA 92121 (for all Defendants).

61.   The notice of objection must demonstrate the objecting Settlement Class Member's membership in the Settlement Class, including documentation reflecting the number of shares of Sequenom Common Stock purchased and sold during the Settlement Class Period, and must contain a statement of the reasons for objection. Only Settlement Class Members who have submitted written notices of objection and related documentation in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

62.   The Settlement Hearing may be delayed from time to time by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

63.   Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the application for attorneys' fees and reimbursement of litigation expenses, and/or the proposed Plan of Allocation. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## WHAT IF I AM A BROKER, BANK OR OTHER NOMINEE THAT BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

64.   If you hold or held any Sequenom Common Stock purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after your receive this Notice, you must either: (a) provide a list of the names and addresses of such beneficial owners to the Settlement

Administrator, **preferably in an MS Excel data table, setting forth (i) title/registration; (ii) street address; (iii) city/state/zip; electronically in MS Word or WordPerfect files; or on computer-generated mailing labels (label size Avery 5162)**; or (b) send a copy of this Notice by first class mail to all such beneficial owners, providing written confirmation to the Settlement Administrator of having done so. If you choose to mail the Notice yourself, you may obtain (without cost to you) as many additional copies of this document as you will need to complete the mailing by contacting the Settlement Administrator as set forth in ¶69, below.

65.    Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement of **reasonable** administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice, after submission to the Settlement Administrator of appropriate documentation.

## CAN I SEE THE COURT FILE?
## <u>WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?</u>

66.    This Notice is a summary only and does not describe all of the details of the Stipulation. Nothing in this Notice can vary or supersede the terms of the Stipulation. All capitalized terms that are not defined herein are defined in the Stipulation. For full details of the matters discussed in this Notice, you may desire to review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States Courthouse, United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900.

67.    You may also review, at www.SequenomSecuritiesLitigation.com, the Stipulation, the Notice, the Proof of Claim and Release, the Order Preliminarily Approving Settlement and Scheduling Final Settlement Hearing. These documents will be available on or before _____. The papers filed in support of the Settlement, and the applications for an award of attorneys' fees and expenses for Lead Counsel will be available after they are filed with the Court.

68.    If you have any questions about the Settlement of the Class Action, you may contact Lead Counsel by writing: Kaplan Fox & Kilsheimer LLP, Robert N. Kaplan, Esq., Jeffrey P. Campisi, Esq., 850 Third Avenue, New York, New York 10022.

69.    If you need additional copies of this Notice, or if you have a question about filing a claim, you may contact the Settlement Administrator at: Sequenom, Inc. Securities Litigation, c/o Rust Consulting, Inc. P.O. Box 2288, Faribault, MN 55021-2423, Toll-free Phone: 1-877-260-0556, info@SequenomSecuritiesLitigation.com.

## <u>DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE</u>

Dated: _____

BY ORDER OF THE COURT

Ex. A
24

ANNEX A

Pursuant to Section II(G) of the Stipulation, within thirty (30) days after the Execution Date (as defined in the Stipulation), Sequenom agrees to adopt, or continue its implementation of, the following changes, revisions, modifications and additions to the corporate governance policies, protocols and practices of the Company:

A.    Board Composition and Compensation

    1.    Independent directors of the Board of Directors of the Company (the "Board") may serve as members of the boards of directors of no more than four (4) other public or private for-profit entities, other than subsidiaries or affiliates of the Company.

    2.    The Company shall amend its bylaws to provide that at all times a majority of the directors of the Board of Directors must be independent.

    3.    In connection with the Company's annual shareholder meeting, the Company shall consider submitting to a shareholder vote a resolution that provides that at least 50% of the annual fees for independent directors, other than reimbursement of reasonable expenses and other than fees for committee memberships, shall be in the form of equity, e.g., restricted stock of the Company.

B.    Board Conduct

    1.    Each independent director of the Board shall annually certify, in writing, to the Chair of the Nominating and Corporate Governance Committee that he or she is independent and shall immediately inform the Board of any change in his or her independent status.

    2.    Absent extraordinary circumstances, the Company shall strongly encourage each member of the Board to attend, in person, each annual shareholder meeting.

    3.    Following each regular meeting of the Board (or at the conclusion of a special meeting if deemed necessary), the independent directors of the Board shall hold an executive session at which the Chief Executive Officer, or any other Company officer or employee, shall not be present.

    4.    The Chairman of the Board shall designate an appropriate person or persons in the Company to prepare or cause to be prepared, at the direction of the Chairman of the Board, among other things:

        a.    Agendas in connection with regular (or special) meetings of the Board;

        b.    Minutes of all Board meetings, which shall be distributed for review and correction, if necessary, by the members of the Board within a reasonable period of time following each such meeting;

        c.    Board "packages" for each such meeting providing appropriate information and materials related to the various items of the particular agenda (or in support of proposed unanimous consent resolutions); and;

        d.    Periodic financial, operational or other requisite reports, including medical data, test results and clinical studies to adequately inform the Board, on a timely basis, of the status of

14

or material developments in Company's business and the results of its operations.

5.       **Director (and Executive Officer) Education.** Directors shall participate in an initial orientation program upon election to the Board and in regular continuing education programs thereafter, in order that they fully understand their directorial responsibilities and can faithfully fulfill their fiduciary duties. Such continuing education, outlining the essential elements of best corporate governance practices and informing directors of new developments in this area, shall be conducted by the Company's general counsel (if that position is occupied) or otherwise by a designated outside counsel with corporate governance expertise; and shall exceed that required by any applicable listing exchange. Executive officers of the Company shall similarly participate in such orientation program upon joining the Company, and all executive officers shall participate in such regular continuing education programs.

C.       **Committee Conduct**

1.       The Nominating and Corporate Governance Committee, in consultation with the Chairman of the Board and the Chief Executive Officer, shall be responsible for periodic review of the Company's corporate governance policies, protocols and practices that may, from time to time, merit consideration by the Board.

2.       The Company's Open Door Policy has been updated to have all complaints forwarded to all members of the Audit Committee. The Open Door Policy applies expressly to all complaints, not just those relating to accounting/financial practices. Complaints received through the Company's complaint hotline, as described in the Open Door Policy, go to the Chair of the Audit Committee and designated outside counsel only; such hotline complaints do not go to any officers or employees of the Company.

3.       The Audit Committee shall hold executive sessions with the Company's independent auditor and its financial management team as a routine item on its agenda for each of its regularly scheduled meetings.

4.       The Audit Committee shall hold at least four (4) regularly scheduled meetings every year to review the Company's annual and interim financial statements and disclosures, as well as related independent auditor attestations, certifications and/or reports.

5.       The Audit Committee engaged Rose Ryan, LLP ("Rose Ryan") as an external consultant to create and implement an "Enterprise Risk Management Process" to be approved by the Board. This process is on-going and Rose Ryan shall continue to provide the Audit Committee with regular reports which may merit consideration by the Board.

6.       The Disclosure Committee has revamped its charter. The Disclosure Committee, including its designated Disclosure Committee reporter, is now responsible for testing the reliability of information to be disclosed to the public. The Disclosure Committee shall meet periodically with the Company's outside auditors, the Audit Committee and/or full Board to report on multiple aspects of the disclosure controls and to permit independent assessment of those controls.

7.    The Company has created a Scientific Review Committee to oversee the Company's research and development strategy and activities.

D.    Additional Corporate Governance Changes

1.    The Board has adopted a comprehensive new policy on corporate disclosure controls and procedures, and approved a "Corporate Disclosure Policy," a set of "Disclosure Controls and Procedures," and an "Amended and Restated Disclosure Committee Charter." As set forth in these documents, the Disclosure Committee must now review and formally approve all information before it is released to the public. In addition, there will no longer be any unpublished scientific data shared with investors.

2.    The Company has revised its New Hire Orientation program, Employee Handbook and Code of Business Conduct and Ethics, and enhanced its training practices. The Company now has created several revised training programs concerning ethics, scientific processes, public disclosures, and professional e-mail conduct.

3.    The Company's Code of Business Conduct and Ethics shall be revised to include a specific section regarding the management, handling and disclosure of medical data, test results and the conduct of clinical studies by or on behalf of the Company to ensure the effective implementation of the remedial measures imposed by the Board.

4.    The Company's Code of Business Conduct and Ethics shall provide for:

a.    Its distribution to all new employees and their acknowledgment of receipt of the Code and agreement to be bound by its provisions; and

b.    Its annual dissemination to all employees with a confirmation requiring them to certify annually that they have reviewed, are familiar with and agree to be bound by the provisions contained therein.

E.    Additional Company Structural Changes

1.    On September 28, 2009, the Company terminated the employment of Harry Stylli, Ph.D, former President and Chief Executive Officer, Elizabeth Dragon, former Senior Vice President of Research and Development, and three other employees. The Company also accepted the resignation of Paul Hawran, former Chief Financial Officer, and Steven Owings, former Vice President of Commercial Development, Prenatal Diagnostics. The Company has confirmed that it no longer provides compensation to Messrs. Stylli, Owings or Hawran, Dr. Dragon, or the three employees who were terminated on September 28, 2009.

2.    The Company has hired a full-time biostatistician and engaged an external consultant on an "as needed" basis as a clinical biostatistician.

3.    The Company has reorganized its reporting structure, reducing the number of direct reports to the Company's Chief Executive Officer.

4.    The Company has revised its Oversight Committee and appointed project directors to oversee and manage each of the Company's products in development. As a result, each of the Company's potential products now has both a director responsible for the product's development and also

internal independent reviewers that are otherwise not associated with that product's development team.

F.    Revised Clinical Study Protocols and Procedures

1.    The Company has introduced a number of standard operating procedures regarding study design planning and review, including clear identification of whether a study is blinded or unblinded, raw data storage at multiple locations, independent third-party review of blinded clinical data, and a redundancy review of clinical study design by the Oversight Committee and of blinded clinical data by the Scientific Review Committee, the clinical group and the Company's biostatistician.

2.    The Company has revamped its policy concerning the storage of clinical samples, including requiring that samples be stored in third-party storage facilities, bar-coding samples for electronic tracking and auditing, creating formal procedures for obtaining a sample, and limiting access to the Company's sample storage freezer.

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION | Master File No. 3:09-CV-00921-LAB-WMC |
| This Document Relates To:<br>ALL ACTIONS | |

## TO ALL PERSONS WHO PURCHASED THE COMMON STOCK OF SEQUENOM INC. DURING THE PERIOD FROM JUNE 4, 2008 THROUGH APRIL 29, 2009 INCLUSIVE ("SETTLEMENT CLASS")

Please read this notice carefully and in its entirety. Your rights may be affected by the proceedings described in this notice. A proposed settlement has been reached in this action, as set forth in a Stipulation of Settlement ("Stipulation"). A hearing will be held with respect to the proposed settlement on _____, 2010, at ____a.m. before the Honorable Larry A. Burns, United States District Judge, at the United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900.

The purpose of the hearing is to determine whether the proposed settlement with Defendants Sequenom, Inc. ("Sequenom"), Harry Stylli, Paul Hawran, Allan T. Bombard, Charles R. Cantor, Steven Owings, Harry F. Hixson, Jr. and Elizabeth Dragon (collectively, the "Defendants"), pursuant to which (i) the Defendants have paid $14,000,000 in cash into an interest-bearing account maintained on behalf of a class of persons who purchased the publicly traded common stock of Sequenom between June 4, 2008 and April 29, 2009 (the "Settlement Class Period"), (ii) Sequenom will issue shares of Sequenom common stock ("Settlement Shares") amounting to, with certain exceptions, 9.95% of the Company's shares after issuance of the Settlement Shares, and (iii) Sequenom will adopt, or continue its implementation of certain changes, revisions, modifications and additions to the corporate governance policies, protocols

and practices of the Company, in exchange for a release of claims against the Defendants, should be approved by the Court as fair, reasonable, adequate and in the best interests of the class. If the Settlement Shares were issued today, Sequenom would be required to issue 6,808,303 shares. As of February ___, 2010, the Settlement Shares have a value of approximately $__ million. Therefore, at the present time the Settlement has a value of more than $__ million.

At the hearing, the Court will also consider the following: a judgment dismissing all claims in the litigation against the Defendants with prejudice; a plan of allocation; a request by plaintiffs' counsel for attorneys' fees not to exceed 8% of the settlement fund and reimbursement of expenses in an amount not to exceed $250,000; and any other matters that may properly be brought before the Court in connection with the proposed settlement. If you purchased the Common Stock of Sequenom at any time during the Settlement Class Period, you may be entitled to share in the distribution of the settlement fund by submitting a proof of claim no later than _____, 2010. You also have the right to exclude yourself from the proposed settlement or object to the proposed settlement or the other matters to be considered by the Court at the hearing, in accordance with the procedures described in a more detailed notice ("Notice") that has been mailed to members of the Class. If you did not receive a copy of the Notice by mail, you may obtain a copy and a proof of claim form, or other information by writing to the following address, calling the following or from the following websites:

Sequenom, Inc. Securities Litigation
c/o Rust Consulting, Inc. P.O. Box 9444
Minneapolis, MN 55440-9444
Toll-free Phone: 1-877-576-9980, International Phone: 1-612-359-7997
info@SequenomSecuritiesLitigation.com

KAPLAN FOX & KILSHEIMER LLP
Robert N. Kaplan, Esq.
Jeffrey P. Campisi, Esq.
850 Third Avenue, 14th Floor
New York, New York 10022

Ex. A
31

Tel: (212) 687-1980
Fax: (212) 687-7714

Laurence D. King, Esq.
350 Sansome Street, Suite 400
San Francisco, California 94104
Tel: (415) 772-4700
Fax: (415) 772-4707

www.kaplanfox.com

This notice is a summary only and does not describe all of the details of the Stipulation. Nothing in this notice can vary or supersede the terms of the Stipulation. For full details of the matters discussed in this notice, you may desire to review the Stipulation filed with the Court, at the office of the Clerk of the Court, United States Courthouse, United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101-8900. You may also review the Stipulation at www.SequenomSecuritiesLitigation.com. This document will be available online on or before _____.

If you are a member of the Settlement Class and do not exclude yourself from the Settlement Class by _____, 2010, or do not submit a proper proof of claim by _____, 2010, you will not share in the settlement fund but you will be bound by the Order of Final Judgment by the Court.

Please do not call the Clerk of the Court or Judge Burns for information.

Dated: _____, 2010

_____
Clerk of the Court
United States District Court
Southern District of California

3

Ex. A
32

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION | Master File No. 3:09-cv-00921-LAB-WMC |
| This Document Relates To:<br>ALL ACTIONS | |

## PROOF OF CLAIM AND RELEASE

### I. GENERAL INSTRUCTIONS

A. To recover as a Settlement Class Member based upon your claims in the class action consolidated under the caption *In re Sequenom, Inc. Securities Litigation*, No. 3:09-cv-00921-LAB-WMC (the "Class Action" or "Action"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed Proof of Claim and Release (as set forth below in paragraph C), your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action. All capitalized terms that are not defined herein are defined in the Stipulation of Settlement dated December 24, 2009 (the "Stipulation").

B. Settlement Class Members who do not file acceptable Proofs of Claim and Releases will not share in the settlement proceeds, but will nevertheless be bound by the Settlement, as defined in the "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), and the judgments of the Court.

C. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE **POSTMARKED OR RECEIVED ON OR BEFORE** _____, ADDRESSED AS FOLLOWS:

Sequenom, Inc. Securities Litigation
c/o Rust Consulting, Inc. P.O. Box 2288, Faribault, MN 55021-2423, Toll-free Phone: 1-877-260-0556, info@SequenomSecuritiesLitigation.com.

**YOU WILL BEAR ALL RISKS OF DELAY OR NON-DELIVERY OF YOUR CLAIM.**

D. If you are NOT a Settlement Class Member, as defined in the Notice, DO NOT submit a Proof of Claim and Release.

E. If you are a Settlement Class Member and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, REGARDLESS OF WHETHER YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

### II. CLAIMANT IDENTIFICATION INSTRUCTIONS

A. If you purchased Sequenom common stock ("Sequenom Common Stock") and held the certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, you purchased Sequenom Common Stock and the certificate(s) were registered in the name of a

- 1 -

third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

B. Use Section IV of this form entitled "Claimant Identification" to identify each owner of record ("nominee"), if different from the beneficial owner of Sequenom Common Stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S), OF THE SEQUENOM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

C. All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, proof of their authority must accompany this claim, and their titles or capacities must be stated.

D. The Social Security or Taxpayer Identification Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim and/or result in claim rejection.

## III. TRANSACTION SCHEDULE INSTRUCTIONS

A. Use Section V of this form entitled "Schedule of Transactions in Sequenom Common Stock" to supply all required details of your transaction(s) in Sequenom Common Stock. If you need more space, attach separate, numbered sheets giving all of the required information in substantially the same format. Print your name and Social Security or Tax Identification Number at the top of each page.

B. On the schedules, provide all requested information with respect to *all* of your purchases of Sequenom Common Stock that took place at any time beginning June 4, 2008 through April 29, 2009 ("Settlement Class Period") and all of your sales of Sequenom common stock during the period June 4, 2008 through July 28, 2009, inclusive whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in rejection of your claim.

C. In processing claims, the first-in, first-out ("FIFO") basis will be applied to both purchases and sales. List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. The date of purchase or sale of Sequenom Common Stock is the "contract" or "trade" date, as distinguished from the "settlement" date. You must accurately provide the month, day and year of each transaction you list.

D. The price per share, paid or received, shall be exclusive of all commissions, taxes, fees and other charges.

E. Where Sequenom Common Stock was purchased or sold by reason of having exercised an option, the option premium should be incorporated into the price accordingly.

F. All profits will be subtracted from all losses to determine the net Recognized Loss of each Claimant.

G. The date of covering a "short sale" is deemed to be the purchase date of Sequenom Common Stock. The date of a "short sale" is deemed to be the sale date of Sequenom Common Stock. Shares originally sold short prior to the Settlement Class Period will result in a zero Recognized Loss.

H. No payment will be made on any claim where the potential distribution amount is $10 or less, but the Authorized Claimant (as defined in the Stipulation) will otherwise be bound by the Final Judgment entered by the Court. Further, if an Authorized Claimant is due fewer than 250 shares of common stock based on the plan of allocation, the Authorized Claimant will receive the equivalent dollar value of those shares, in additional monetary recovery under the Plan of Allocation, in place of the distribution of shares.

- 2 -

Ex. A
35

I. You must attach to your claim form **copies** of brokerage confirmations or monthly statements supporting your trading activity in Sequenom Common Stock in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement Administrator's website: www.rustconsulting.com. Failure to provide this documentation could delay verification of your claim and/or result in claim rejection.

J. If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide, in an electronic file, all purchases and sales information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Settlement Administrator by phone: Toll-free Phone: 1-877-576-9980, International Phone: 1-612-359-7997.

**Ex. A**
**36**

# SEQUENOM

*IN RE SEQUENOM INC. SECURITIES LITIGATION*

## PROOF OF CLAIM

**Must be received by the Settlement Administrator** *postmarked no later than* _____

### IV. CLAIMANT IDENTIFICATION

*Please Type or Print*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____         _____         _____
City                                            State                        Zip Code

_____                 _____
Foreign Province                                    Foreign Country

_____     or     _____
Social Security Number                      Taxpayer Identification Number

Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership          ☐ Estate          ☐ Trust          ☐ Other: _____

_____                          (Day) _____  _____ (Evening)
Area Code  Telephone Number                    Area Code  Telephone Number

_____
Facsimile Number E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

## V. SCHEDULE OF TRANSACTIONS IN SEQUENOM COMMON STOCK

- 4 -

Ex. A
37

A.   State the total number of shares of Sequenom Common Stock owned at the close of trading on June 3, 2008, long or short *(must be documented)*: _____

B.   Separately list each and every **purchase** of shares of Sequenom Common Stock during the period June 4, 2008, **through** April 29, 2009, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Total Cost *(excluding commissions, taxes & fees)* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.   Separately list each and every **sale** of shares of common stock during the period June 4, 2008 **through** July 28, 2009, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Net Proceeds *(excluding commissions, taxes & fees)* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

D.   State the total number of shares of Sequenom Common Stock owned at the close of trading on July 28, 2009, long or short *(must be documented)*: _____

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

**YOU MUST ALSO READ AND SIGN THE RELEASE ON PAGE 9.**

Ex. A
38

## VI. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I/We submit this Proof of Claim and Release under the terms of the Stipulation and as described in the Notice. I/We also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my/our claim as a Settlement Class Member (as defined in the Stipulation) and for purposes of enforcing the release set forth herein. I/We further acknowledge that I/we am/are bound by and subject to the terms of any judgment that may be entered in the Litigation. I/We agree to furnish additional information to Lead Counsel (as defined in the Stipulation) or the Settlement Administrator to support this claim, including details of transactions in other Sequenom securities, such as options, if requested to do so. I/We have not submitted any other claim covering the same purchases or sales of Sequenom Common Stock during the Settlement Class Period and know of no other person having done so on my/our behalf.

## VII. RELEASE

A. I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Parties.

B. "Released Claims" shall mean any and all actions, suits, claims, debts, demands, rights, causes of action, proofs of claim or liabilities of every nature and description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, pursuant to federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, including both known claims and Unknown Claims (as defined herein), whether or not concealed or hidden (including but not limited to claims for securities fraud, negligence, gross negligence, professional negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding or abetting a breach of fiduciary duty, breach of contract, unjust enrichment, or violations of any statutes, rules, duties or regulations), that have been or could have been or could in the future be asserted in any forum, whether foreign or domestic, by Lead Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, and partners, and any Persons they represent or any of them, whether brought directly or indirectly against any of the Released Parties, which arise out of, are based on, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action based upon the facts alleged in the Action or any of the complaints filed in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase or sale of any Sequenom Common Stock by any Settlement Class member during the Settlement Class Period.

C. "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff, any member of the Settlement Class or any Defendant does not know or suspect to exist in his, her or its favor at or after the Execution Date and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties hereto stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all

- 6 -

provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Defendants and the members of the Settlement Class may hereafter discover facts in addition to or different from those that any of them now know or believe to be true with respect to the subject matter of the Released Claims, or the Released Parties' Claims but Lead Plaintiff and Defendants shall expressly have, and each member of the Settlement Class shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and the Released Parties' Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the members of the Settlement Class by operation of the Judgment shall be deemed to have acknowledged, that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims, were separately bargained for and are key elements of the Settlement.

D. "Released Parties" means Defendants, and each of their immediate family members, heirs, executors, administrators, successors, and assigns; Defendants' present, former and future employees, insurers, officers, directors, partners, attorneys, legal representatives, receivers and agents; any person or entity which is or was related to or affiliated with any Defendant, or in which any Defendant has or had a controlling interest; and the present, former and future parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, partners, attorneys, assigns, and agents of all of the foregoing.

E. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

F. I/we hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

G. I/we hereby warrant and represent that I/we have included information about all of my/our purchases of Sequenom Common Stock that occurred during the Settlement Class Period (June 4, 2008 through April 29, 2009), all of my/our sales of Sequenom Common Stock during the period June 4, 2008 through July 28, 2009, as well as the amount of Sequenom Common Stock held by me/us at the close of trading on June 3, 2008 and July 28, 2009.

## VIII. CERTIFICATION

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

I/We am/are NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

> NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out the word "NOT" in the statement above.

I/We declare under penalty of perjury under the laws of the United States of America, that the foregoing information supplied by the undersigned and the supporting documents attached hereto, and the acknowledgments, representations and warranties made herein are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim

Ex. A
41

and  Release  form  was  executed  this  _____  day  of  _____, 2010  in
_____, _____.
　　　　(City)　　　　　　(State/Country)

_____
Signature of Claimant

_____
(Print your name here)

_____
Signature of Joint Claimant, if any

_____
(Print your name here)

_____
Signature of person signing on behalf of Claimant

_____
(Print your name here)

_____
Capacity of person signing on behalf of Claimant, if
other than an individual (e.g., Executor, President,
Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the above release and declaration.
2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found at the website below.
3. Do not send original or copies of stock certificates.
4. Keep a copy of the completed claim form and documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it via Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**
6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.
7. If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at:

Sequenom, Inc.Securities Litigation
c/o Rust Consulting, Inc. P.O. Box 9444,
Minneapolis, MN 55440-9444, Toll-free
Phone: 1-877-576-9980, International Phone:
1-612-359-7997,
info@SequenomSecuritiesLitigation.com.

Ex. A
42

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SEQUENOM INC. SECURITIES LITIGATION | Master File No. 3:09-CV-00921-LAB-WMC |
| This Document Relates To:<br>    ALL ACTIONS | |

**ORDER OF FINAL JUDGMENT AND DISMISSAL AS TO SEQUENOM, INC., HARRY STYLLI, PAUL HAWRAN, ALLAN T. BOMBARD, CHARLES R. CANTOR, STEVEN OWINGS, HARRY F. HIXSON, JR. AND ELIZABETH DRAGON**

WHEREAS, the Court has been informed that the Los Angeles City Employees' Retirement System, Lead Plaintiff in this action, and Defendants Sequenom Inc. ("Sequenom"), Harry Stylli, Paul Hawran, Allan T. Bombard, Charles R. Cantor, Steven Owings, Harry F. Hixson, Jr. and Elizabeth Dragon ("Defendants") have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Settlement, executed as of December 24, 2009 (the "Stipulation");

WHEREAS, this matter came before the Court for hearing on _____, 2010, pursuant to the Order of this Court filed _____, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation.

WHEREAS, the Court having heard all persons properly appearing and requesting to be heard, for good cause shown, and upon due consideration of the Stipulation and final order of dismissal;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

Ex. A
44

1.      This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has the requisite jurisdiction to consider and enter this Order.

3.      This Court hereby dismisses the Action in its entirety as to Defendants, with prejudice and without costs (except as otherwise provided in the Stipulation).

4.      The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied.

5.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this action is hereby certified as a plaintiff class action, on behalf of all Persons who purchased the publicly traded common stock of Sequenom during the period June 4, 2008 through April 29, 2009, including those dates (the "Settlement Class").  Excluded from the Settlement Class are (a) Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Sequenom; any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns, any immediate family member of a Settling Individual Defendant and (b) any putative members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

6.      Except as to any individual claims of Persons identified on Exhibit 1 who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the Settlement Class Members, and as against the Released Parties.  The parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.  Those Persons listed on Exhibit 1 shall not have any rights to receive any distribution from the Net Settlement Fund or otherwise.

7.      The Court finds that the Stipulation, and Settlement contained therein, is fair, just, reasonable and adequate as to each of the Parties and the Settlement Class, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8.      The notice given to the potential Settlement Class Members was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirement of due process.

9.      Any plan of allocation order entered, or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

Ex. A
46

10.    Pursuant to § 3(a)(10) of the Securities Act of 1933, any securities being issued pursuant to the Stipulation may be issued free and clear of any restrictions on transfer and do not constitute "restricted securities."

11.    Upon the Effective Date, Lead Plaintiff and each of the members of the Settlement Class, on behalf of themselves, and to the extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against any of the Released Parties, directly, indirectly, or in any other capacity, whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release.

12.    Upon the Effective Date, the Released Parties, on behalf of themselves, and to the extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the members of the Settlement Class and their attorneys from the Released Parties Claims and shall be permanently barred and enjoined from instituting, commencing, or

Ex. A
47

prosecuting any Released Parties Claim against any of them directly, indirectly or in any other capacity.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Action or any Released Claim (i) by any person against Sequenom or the Settling Individual Defendants, and (ii) by Sequenom or the Settling Individual Defendants against any person, are hereby permanently barred and discharged; *provided, however*, that Sequenom may assert, as a counter-claim or responsive claim only, a claim for contribution against any Settling Individual Defendant that initiates litigation relating to the termination of his or her employment by Sequenom (but not against any other Settling Individual Defendant that does not initiate such litigation). Any such counter-claim or responsive claim for contribution shall be limited to seeking contribution with respect to the Settlement Shares portion of this Settlement and shall not seek contribution with respect to the cash portion of this Settlement. If Sequenom asserts and prevails on such a counter-claim or responsive claim for contribution, the amount awarded to Sequenom shall not exceed the amount awarded to the Settling Individual Defendant on his or her claim against the Company, i.e., under no circumstances shall the amount of contribution exceed the amount required to offset Sequenom's liability to the Settling Individual Defendant ("Bar Order"). Notwithstanding the foregoing, the Settling Individual Defendants and their Released Parties, and each of them, shall retain the right to defend against any counter-claims or responsive claims for contribution on other grounds, including, without limitation: (i) that he or she is not at fault for the conduct giving rise to the Settlement; (ii) that his or her proportional fault is less than asserted by Sequenom; and (iii) that Sequenom is legally and/or contractually obligated to indemnify

Ex. A
48

him or her and/or that he or she is not required to reimburse or repay Sequenom for that indemnified amount.  Further, Sequenom agrees that it will not argue or otherwise assert in any forum or proceeding that the Bar Order in any way affects or impairs the existing rights of the Settling Individual Defendants (including, without limitation, any Settling Individual Defendant who has initiated an action against Sequenom arising out of termination of that Settling Individual Defendant's employment with Sequenom) to obtain indemnification and advancement of fees incurred in connection with Released Claims or in any other indemnifiable proceedings.  The Settling Individual Defendants agree that they will not argue or otherwise assert in any forum or proceeding that, by entering into this Stipulation, Sequenom in any way compromised or otherwise affected its right (other than its right to a claim for contribution barred by the Bar Order) to seek to limit or extinguish any purported obligation to indemnify or advance fees to the Settling Individual Defendants and their Released Parties or to seek to recover any of the fees or expenses that Sequenom has advanced or may advance on behalf of or for the benefit of the Settling Individual Defendants and/or their Released Parties.

14.     This Order of Final Judgment and Dismissal is a final judgment in the Action as to all claims among the Released Parties, on the one hand, and Lead Plaintiff and the members of the Settlement Class, on the other.

15.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of the Defendants or (b) is or may be deemed to be or may be

Ex. A
49

used as an admission of, or evidence of, any liability, fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Defendants may file the Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.      Without affecting the finality of this Final Judgment and Dismissal in any way, the Magistrate Judge shall retain jurisdiction over all disputes between and among the parties arising out of the Stipulation, including but not limited to interpretation and enforcement of the terms of the Stipulation.

17.      Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

18.      In the event that this Order of Final Judgment and Dismissal is reversed on appeal, the provisions of Paragraph XI(F) of the Stipulation shall apply.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     There is no just reason for delay in the entry of this Order of Final Judgment and Dismissal and immediate entry by the Clerk of Court is expressly directed.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE LARRY A. BURNS
UNITED STATES DISTRICT COURT JUDGE

Ex. A
51