# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEQUENOM, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS | Master File No. 3:09-CV-00921-LAB-WMC<br>Date: N/A<br>Time: N/A<br>Courtroom: Hon. Larry A. Burns |

**ORDER AUTHORIZING DISBURSEMENT OF THE NET SETTLEMENT FUND**

1  WHEREAS, by its Final Order and Judgment dated May 3, 2010 (Docket No. 102), this Court approved the terms of the Stipulation and Agreement of Settlement dated December 24, 2009 (the "Stipulation") and the Plan of Distribution for distributing the settlement proceeds to Class Members; and

WHEREAS, the Court has approved the Plan of Distribution as a fair and reasonable method to calculate claims of Settlement Class Members and to allocate the Net Settlement Fund and distribute same to Settlement Class Members; and

WHEREAS, the Court has ordered that the settlement fund, after payment of the fees, costs and expenses of the Claims Administrator in administering the settlement, taxes and tax expenses on the income earned on the settlement fund, and any award of attorneys' fees and expenses (*i.e.*, the Net Settlement Fund), shall be distributed to all Settlement Class Members who submitted valid proof of claims as according to the Plan of Distribution contained in the Notice, in the amounts calculated by the Claims Administrator pursuant to the Plan of Distribution (Docket No. 100); and

WHEREAS, the Court has ordered that such distribution shall occur as soon as practicable after the completion of the review and verification of the proof of claim forms by the Claims Administrator and the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Net Settlement Fund to Authorized Claimants; and

WHEREAS, for notice and administration fees and expenses, Rust seeks to be paid $126,129.69 from the Settlement Fund as final payment for its fees and expenses; and

WHEREAS, the settlement fund, as of November 29, 2010, is valued at approximately $13,010,900.16 in cash, including interest, and 6,407,738 shares of Sequenom common stock

to be issued under the terms in the Stipulation; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon consideration of the Lead Plaintiff's Unopposed Motion for an Order Authorizing Disbursement of the Net Settlement Fund, and the Declaration of Peter M. Craig dated November 30, 2010, and good cause appearing and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby:

ORDERED, that the determinations made by Rust concerning the acceptance or rejection of claims, Rust's guidelines and methodology for approving claims, calculating Recognized Claims under the Plan of Distribution previously approved by the Court pursuant to the Order Approving Plan of Distribution of Settlement Proceeds dated May 3, 2010 (Docket No. 100), are appropriate and shall be applied; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that Rust be paid the sum of $126,129.69 from the Settlement Fund as final payment for its fees and expenses. This includes all fees and expenses incurred, or to be incurred, in connection with the dissemination of the notice, analysis of claims and distribution of the Settlement; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants set forth listed on the computer printout submitted with the Affidavit of

Peter M. Craig (Exhibits E) under the proposed Plan of Distribution in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants; and it is further

ORDERED that within ten (10) days prior to the distribution of the Net Settlement Fund, Rust shall determine the number of Sequenom shares to be distributed to each Authorized Claimant under the Plan of Distribution ("Determination Date"). Rust shall value the shares of Sequenom common stock using the average closing price per share for the ten (10) trading days prior to the Determination Date; and it is further

ORDERED that, as set forth in the Plan of Distribution previously approved of by the Court (Docket No. 100, ¶ 2), if an Authorized Claimant is due fewer than 250 shares of common stock based on the Plan of Distribution, the Authorized Claimant will receive the equivalent dollar value of those shares in additional monetary recovery under the Plan of Distribution, in place of the distribution of shares; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and/or Rust are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that, six (6) months after the initial distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants, (b) second, to pay any reasonable additional settlement

administration fees and expenses, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible; and it is further

ORDERED, that Rust is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

DATED: December 9, 2010

_____
HONORABLE LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE